IN RE HOTEL TELEPHONE CHARGE ANTITRUST LITIGATION 771
Cite as 341 F.Supp. 771 (1972)

Rule 30, F.R.Crim.P. Rule 30 expressly requires that (1) "at the close of the evidence . . . any party may file written requests that the court instruct the jury on the law as set forth in the requests" and (2) "no party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict . . ." In this case, defendant neither requested that we omit the disputed portion of the charge nor did he object to it at the close of the evidence. Under these circumstances, we need not even consider defendant's argument. See, Cohen v. United States, 366 F.2d 363 (9th Cir. 1966), cert. denied 385 U.S. 1035, 87 S.Ct. 771, 17 L.Ed.2d 682 (1960); Holder v. United States, 271 F.2d 214 (8th Cir. 1959), cert. denied 361 U.S. 933, 80 S.Ct. 372, 4 L.Ed.2d 354 (1959); Fowler v. United States, 242 F.2d 860 (5th Cir. 1957).[1]

Even if we were to consider defendant's contention, we find it without merit. Although it may be improper for a judge to charge a jury on the defendant's failure to take the stand where the defendant has expressly requested that such a charge not be given, (See Caton v. United States, 407 F.2d 367 (8th Cir. 1969), the courts have unanimously held that where no such request is made, it is not reversible error for the trial judge to extend such an instruction *sua sponte*. See United States v. Carter, 422 F.2d 519 (6th Cir. 1970); United States v. Rimanich, 422 F.2d 817 (7th Cir. 1970); United States v. Jones, 406 F.2d 1297 (9th Cir. 1969); United States v. Ballard, 418 F.2d 325 (9th Cir. 1969); United States v. Schwartz, 398 F.2d 464 (7th Cir. 1968); Hanks v. United States, 388 F.2d 171 (10th Cir. 1968); United States v. Garguilo, 310 F.2d 249 (2nd Cir. 1962). The rationale for this rule is that, as a part of trial strategy, the defendant ought to be permitted to have nothing said on the issue if he makes his desire known before the charge. On the other hand, if no request is made, it is the considered judgment of these appellate courts that a defendant is better off if such an instruction is given. We agree.



In re HOTEL TELEPHONE CHARGE ANTITRUST LITIGATION.

No. 89.

Judicial Panel on Multidistrict Litigation.

March 30, 1972.

As Modified April 21, 1972.

The Judicial Panel of Multidistrict Litigation would transfer multidistrict antitrust action concerning alleged conspiratorial conduct of hotels in imposing certain telephone charges on their guests to the Central District of California for coordinated or consolidated pretrial proceedings, except as to defendants with whom settlement had already been reached, where the first action was filed in the transferee district, where it appeared that a substantial number of the involved hotels were located there, and where it appeared that some of the initial facts pertinent to plaintiffs' allegations of conspiratorial action occurred in California.

Order accordingly.

Courts ⇐277.2

Multidistrict antitrust action concerning alleged conspiratorial conduct of hotels in imposing certain telephone charges on their guests would be trans-

---

[1] The *Fowler* decision indicates that where no request for instruction is made, nevertheless, a new trial may be in order where failure to give it constitutes a basic and highly prejudicial error. But this is not such a case.

ferred to the Central District of California for coordinated or consolidated pretrial proceedings, except as to defendants with whom settlement had already been reached, where the first action was filed in the transferee district, where it appeared that a substantial number of the involved hotels were located there, and where it appeared that some of the initial facts pertinent to plaintiffs' allegations of conspiratorial action occurred in California. 28 U.S.C.A. § 1407.

---

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD*, EDWIN A. ROBSON*, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

The complaints in ten actions filed in ten different districts allege a nationwide conspiracy of hotels and motels to increase their room rates, in violation of federal anti-trust law and state common law. It is generally alleged that the increased rates were achieved by the addition of service charges, generally denominated as covering incoming telephone messages or internal communications. The plaintiffs, many of whom are attorneys, seek recovery for themselves and on behalf of all hotel guests similarly charged. Since the filing of the first action in the Central District of California, settlements on behalf of the class have been reached with several defendants and settlement orders setting out terms of the agreements and providing for their submission to the class have been entered in the Northern District of Illinois.[1]

On the basis of the briefs and arguments we conclude that, except as to defendants with whom settlement has been reached, all actions must be transferred to the Central District of California for coordinated or consolidated pretrial proceedings. The ten complaints are virtually identical, containing parallel allegations concerning the alleged conspiratorial conduct of the defendants in imposing the telephone charges on their guests. And in each action the plaintiffs will seek to develop a common factual background concerning the formation and terms of any conspiracy, the possible fraudulent concealment of the conspiracy and the methods developed for assessing the charges. In addition, the complaints describe virtually identical classes of hotel guests. Although plaintiffs are apparently cooperating with one another in asserting these claims, we cannot leave the complexities of the overlapping class allegations to the voluntary coordination of the parties. We have frequently held that the possibility of duplicative discovery resulting from common fact questions and the threat of inconsistent judicial decisions of discovery, class and other issues requires transfer of multidistrict litigation to a single judge under Section 1407. In re Refrigerant Gas Antitrust Litigation, 334 F.Supp. 996 (J.P.M.L. 1971); In re Master Key Antitrust Litigation, 320 F.Supp. 1404 (J.P.M.L. 1971). We do so here.

Several defendants[2] strongly oppose transfer and protest that plaintiffs have merely filed the same complaint, with vague and questionable allegations of a national conspiracy, in different dis-

tricts in [cut off]
quiremen[cut off]
lar argum[cut off]
tion to tr[cut off]
Fund Lit[cut off]
M.L.1972[cut off]
Panel. [cut off]
ciding th[cut off]
Section 1[cut off]
merit of [cut off]
nial of tra[cut off]

Several [cut off]
vanced b[cut off]
transfer. [cut off]
in the tr[cut off]
and juris[cut off]
for sum[cut off]
who all[cut off]
charges, [cut off]
sion of th[cut off]
vidual f[cut off]
there is l[cut off]
assigning [cut off]
is true th[cut off]
considerat[cut off]
their assig[cut off]
preclude a[cut off]
sion. In [cut off]
that the [cut off]
ceedings [cut off]
a single j[cut off]
ants argu[cut off]
somely ex[cut off]
the intere[cut off]
tion and [cut off]
transfer t[cut off]
these per[cut off]
Antitrust [cut off]
(J.P.M.L.1[cut off]

The me[cut off]
in this lit[cut off]
of Califor[cut off]
filed. Alt[cut off]
greement [cut off]

3. Several [cut off]
tional ch[cut off]
majority [cut off]
named d[cut off]
and that [cut off]
of a spec[cut off]

---

\* Although Judges Murrah, Weinfeld, and Robson were unable to attend the hearing, they have, with the consent of coun[cut off]

1. Loew's Corp., Bismarck Hotel Co. and ITT Sheraton Corporation of America.

2. The strongest opposition comes from Rad[cut off]

tricts in order to avoid the venue requirement of the antitrust laws. Similar arguments were advanced in opposition to transfer in the Kauffman Mutual Fund Litigation, 337 F.Supp. 1337 (J.P. M.L.1972) and were rejected by the Panel. Venue is not a criterion in deciding the propriety of transfer under Section 1407. Nor is the alleged lack of merit of the complaints a ground for denial of transfer.

Several additional arguments are advanced by defendants who object to transfer. Some of the pending motions in the transferor courts concern venue and jurisdiction and others are requests for summary judgment by defendants who allegedly made no telephone charges. Defendants stress that decision of these motions will involve individual factual situations and urge that there is little advantage to be gained in assigning them all to a single judge. It is true that some motions will require consideration of individual facts, but their assignment to a single judge will preclude any inconsistency in their decision. In any event, we are confident that the majority of post-transfer proceedings will benefit from assignment to a single judge. Some smaller defendants argue that transfer will be burdensomely expensive, but we must look to the interests of all parties to the litigation and we find that the benefits of transfer outweigh any inconvenience to these parties. In re Children's Books Antitrust Litigation, 297 F.Supp. 385 (J.P.M.L.1968).

The most suitable transferee district in this litigation is the Central District of California where the first action was filed. Although there is complete disagreement as to whether a majority of involved hotels are located in California,[3] it does appear that a substantial number are there and that California would be the most convenient of all proposed transferee districts. It also appears that some of the initial facts pertinent to plaintiffs' allegations of conspiratorial action occurred in California.[4]

We do not believe, however, that it would advance the just and efficient conduct of the litigation or serve the convenience of the parties or witnesses to transfer the causes of action against those defendants with whom settlement has been reached. Settlement orders have already been entered in the Northern District of Illinois setting out a complex scheme for notice of the settlement to the class, payments from the fund to claiming class members, use of any remaining amounts for the benefit of the class and setting of attorney fees for plaintiffs' counsel. Effectuation of these settlements under Rule 23, Fed.R. Civ.P., will require continuing judicial supervision and we believe it best to leave that supervision in the hands of the transferor court that entered the initial settlement orders.

It is therefore ordered that the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, are assigned to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings;

It is further ordered that the plaintiffs' claims against defendants Hilton Hotels Corp., ITT Sheraton Corp. of America, Loews Corp., Bismarck Hotel Co. be, and are, severed from the remainder of the actions and remanded to the Northern District of Illinois.

---

3. Several larger defendants, owners of national chains of hotels, assert that the majority of hotels and motels operated by named defendants are not in California and that in any event, the majority of other operators are not located there. Plaintiffs and some other defendants take issue with these contentions.

4. The plaintiffs contend that the practice of including fictitious telephone charges began in California and that some of the defendants, as members of the Hotel and Motel Telephone Committee, applied to the California Public Utility Commission in 1964 for allowance of these charges.

## SCHEDULE A

### Eastern District of Louisiana

William Colson v. Fairmont Hotel Co., Inc., et al.   Civil Action No. 71-1883 Sec. B

### District of Colorado

William Colson v. Radisson Denver Corp., et al.   Civil Action No. C-3237

### Northern District of Texas

William Hicks v. Hilton Hotels Corp., et al.   Civil Action No. CA-3-4924-C

### Northern District of Georgia

William Colson v. Hilton Hotels Corp., et al.   Civil Action No. 15347

### Southern District of Florida

William Colson v. Hilton Hotels Corp., et al.   Civil Action No. 71-1079-Civ-JE

### Northern District of Illinois

William Colson v. Hilton Hotels Corp., et al.   Civil Action No. 71-C-1590

### Southern District of New York

William Colson v. Hilton Hotels Corp., et al.   Civil Action No. 71 Civ. 2864

William Colson v. The Hotel Waldorf-Astoria Corp.   Civil Action No. 71 Civ. 2943

### Central District of California

Herbert Hafif, et al. v. Hilton Hotels Corp., et al.   Civil Action No. 71-977-MML

### District of Nevada

Herbert Hafif, et al. v. Hilton Hotels Corp., et al.   Civil Action No. R-2582

---

### CORRECTION ORDER

On March 30, 1972, an Opinion and Order was filed in this litigation transferring all actions to the Central District of California but remanding to the Northern District of Illinois the action filed in that district (Civil Action No. 71-C-1590) against defendants Hilton Hotels Corp., ITT Sheraton Corp. of America, Loews Corp., and Bismarck Hotel Co. because of settlements reached with those defendants in that district.

By letter of April 10, 1972, the plaintiffs and the aforementioned settling de-

IN RE HOTEL TELEPHONE CHARGE ANTITRUST LITIGATION 775
Cite as 341 F.Supp. 771 (1972)

fendants have advised the Panel that the settlements reached in that action in the Northern District of Illinois also cover claims against certain of their subsidiaries, affiliates, franchisees and related entities which were not remanded to the Northern District of Illinois. The plaintiffs and settling defendants requested the Panel to modify its Opinion and Order to provide for the remand of plaintiffs claims against these additional defendants to the Northern District of Illinois.

It appearing that the proposed modification is proper and necessary to the effectuation of the Panel's opinion and Order of March 30, 1972,

It is ordered that the Opinion and Order of March 30, 1972, is modified to provide that the plaintiffs' claims in the action William Colson v. Hilton Hotels Corp. et al. (N.D.Ill., Civil Action No. 71-C-1590), against the following defendants are remanded to the Northern District of Illinois:

1. Hilton Hotels Corp. and the following subsidiaries and affiliates of Hilton Hotels Corp.: Hotel Waldorf-Astoria Corp., Hilton Products, Inc., Statler-Hilton Studios, Inc., Stetson Club, Inc. (formerly Statler Hilton Court Club, Inc.), Hilton of Quebec, Inc., Palmer House Company, 145 West Elizabeth Street Garage Corp., Hilton Inns, Inc. (formerly Statler Hilton, Inc.), Hilton Service Corp., International Club of Houston, Inc., Hilton-Burns Hotels Company, Inc., Hilton-Burns Kona Partnership, a general partnership, International Club of Atlanta, Inc., The Sky Riders Club of El Paso, Inc., The New Yorker Hotel Corp., Hilton-Uris, Inc., Mears Hotel Company, Hotel Equipment Corp., Rock-Hil-Uris, Inc., Hilton Tours, Inc., International Leisure Corp., Flamingo Resort, Inc., Las Vegas International Hotel, Inc., SPH Hotel Company, Hotels Statler Company, Inc., Stevens Hotel Corp., The Beverly Hilton Corp., 1921 Commerce Garage Corp., Main & Holcomb Corp., Statler Dallas-Corp., Compass Computer Services, Inc., Center Corporation, Hilton Beverage Corporation, Hilton Package Store of El Paso, Inc., The Hide-Away, Inc., Trader Vic's Club, Inc., Benco, Inc., Nevada International Hotel, Inc., Dewey Way Investment, Inc., Hawaiian Village, Inc., West Ridge Properties, Inc., 1335 Realty Corporation, 138 W. 54 Realty Corporation, and 145-175 West 53rd Street, Inc., Tracy Investment Company (now dissolved).

2. The owners and lessees of the following hotels and inns in the United States operated by Hilton Hotels Corporation or any of its subsidiaries and affiliates under management agreements: Hilton Inn, San Diego, California; Hilton Inn, Kansas City, Missouri; The Detroit Hilton, Detroit, Michigan; Hilton Hawaiian Village, Honolulu, Hawaii; Indianapolis Hilton, Indianapolis, Indiana; Kona Hilton, Kona, Hawaii; Macon Hilton, Macon, Georgia; Maui Hilton, Maui, Hawaii; The New York Hilton, New York, New York; Omaha Hilton, Omaha, Nebraska; St. Paul Hilton, St. Paul, Minnesota; The DeSoto Hilton, Savannah, Georgia; and The Washington Hilton, Washington, D. C.

3. The franchisees of the following hotels and inns licensed by Hilton Hotels Corporation or any of its subsidiaries and affiliates under franchise arrangements:

Seattle Hilton, Seattle, Washington

Hilton Inn of the Palm Beaches, Riviera Beach, Florida

Hilton Inn, Durham, North Carolina

Hilton Marina Inn, South Sioux City, Nebraska

4. Loews Corporation and its subsidiaries and affiliates, and the subsidiaries and affiliates of each of them, including, without limitation, Loew's San Francisco Hotel Corp., Americana of Bal Harbour, Inc., Loew's Summit, Inc., Warwick Operating Corp., Loew's Chicago Hotel Corp., 48th St. & 8th Ave. Corp., Hotel Americana of New York, Inc., Americana of Puerto Rico, Inc., 61st & Park Avenue, Corp., Squireco Building Corp., 56th & Park Ave. Corp., Loew's Hotels, Inc., Loew's Hotels Reservations, Inc., Loew's Hotels Reservations, Ltd., 51st St. & 8th

Ave. Corp., Loew's Theatre & Realty Corp., Loew's Theatres, Inc., and all owners and lessees of hotels and inns in the United States and Puerto Rico operated by Loews Corporation or any of its subsidiaries and affiliates whether under management agreements or otherwise.

5. Bismarck Hotel Co., which operates the Bismarck Hotel, Chicago, Illinois.

6. ITT Sheraton Corporation of America and its subsidiaries and affiliates and its parent, International Telephone and Telegraph Corporation (ITT), and its subsidiaries and affiliates, and the subsidiaries of each of the foregoing, including, without limitation, Pasadena Sheraton Corporation, Sheraton Russell, Inc., St. Regis Sheraton Corporation, Philadelphia Sheraton Corporation, Sheraton Dayton Corporation, Sheraton Houston Corporation, Sheraton Dallas Corporation, Hudson Sheraton Corporation, Hotel Park Sheraton, Inc., Sheraton Fort Worth Corporation, Hotel Sheraton Gibson, Inc., Sheraton Cadillac Properties, Inc., Chicago Sheraton Corporation, Sheraton Palace Corporation, Sheraton Jefferson Corporation, Sheraton Atlanta Corporation, Sheraton St. Charles Corporation, Sheraton Milwaukee Corporation, Portland Sheraton Corporation, Sheraton Blackstone Corporation, Sheraton Puerto Rico Corporation, Los Angeles Town House Corporation, Governor Claiborne Apartments, Inc., San Fernando Sheraton Corporation, Sheraton Columbus Corporation, Cleveland Sheraton Corporation, Sheraton Boston Corporation, Sheraton Plaza Company, Sheraton Maui Corporation, Sheraton Hawaii Corporation, Washington Sheraton Corporation, ITT South Florida Development Corporation, Airway Lodge of California, Inc., ITT Consumer Services Corporation, and all owners and lessees of hotels and inns in the United States and Puerto Rico operated by Sheraton or ITT or any of their subsidiaries and affiliates, whether under management agreements or otherwise.

represent a class comprised of all minority sharcholders of GSC.

Plaintiffs in the *Templeton* action oppose transfer on the ground that the thrust of their complaint is aimed against GSC and others who do not have anything to do with Pennco or Penn Central Transportation and that, as a result, their action has nothing in common with the previously transferred actions and they have no interest in the pretrial proceedings in the transferee district. Their attempts to distinguish their complaint from the ones filed in the *Williams* and *Abernathy* actions, however, are not persuasive. Indeed, a comparison of the three complaints reveals that the allegations in *Templeton* and *Abernathy* are substantially identical and that the kind of relief sought in at least two counts of the *Williams* action is similar to that requested in both *Templeton* and *Abernathy*.

Clearly, in order for the plaintiffs in *Templeton* to prevail on their claims against GSC and its officers and directors, they will have to pursue discovery of factual matters, including GSC's relationship with the Penn Central companies, that are already the subject of discovery proceedings initiated by plaintiffs in *Williams* and *Abernathy* in the transferee district. In addition, discovery involving Peat, Marwick's role as accountant for GSC is relevant not only to *Williams*, *Abernathy* and *Templeton*, but also to the other actions in the coordinated or consolidated proceedings which contain allegations of fraudulent conduct by Pennco and Penn Central Transportation. Thus, transfer of the *Templeton* action to the Eastern District of Pennsylvania pursuant to Section 1407 will expedite the pretrial processing of that action and eliminate unnecessary duplication of documentary and depositional discovery.

It is therefore ordered that the plaintiffs' motion to vacate the conditional transfer order be denied and it is further ordered that the above-captioned action be, and the same hereby is, transferred to the Eastern District of Pennsylvania and assigned to the Honorable Joseph S. Lord, III, for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.

---

## In re HOTEL TELEPHONE CHARGE ANTITRUST LITIGATION.

Bill Colson v. Hilton Hotels Corp., et al.,
E. D. Missouri, Civil Action
No. 73 C 430(1)

No. 89.

Judicial Panel on Multidistrict Litigation.

April 19, 1974.

The Judicial Panel on Multidistrict Litigation transferred action alleging that hotels and motels had engaged in nationwide conspiracy to increase room rates by additional telephone service charges in violation of federal antitrust laws to Central Division of California.

Order accordingly.

1. Courts ⚖=277.2

Judicial Panel on Multidistrict Litigation will transfer case to eliminate possibility of inconsistent class determinations.

2. Courts ⚖=277.2

Discretion vested in Judicial Panel on Multidistrict Litigation to transfer actions is unencumbered by venue considerations. 28 U.S.C.A. § 1407.

3. Courts ⚖=277.2

Action alleging that several defendant hotels and motels engaged in a nationwide conspiracy to increase room rates by addition of telephone service charges in violation of federal antitrust laws was transferred for coordinated or consolidated pretrial proceedings to Central District of California, where action raised questions of fact common to ac-

tions previously transferred to Central District, transfer would best serve convenience of parties and witnesses and promote just and efficient conduct of litigation and transfer would prevent needless duplication of discovery. 28 U.S.C.A. § 1407.

---

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

### PER CURIAM.

The Panel previously transferred all actions in this litigation to the Central District of California and, with the consent of that court, assigned them to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C § 1407. In re Hotel Telephone Charge Antitrust Litigation, 341 F.Supp. 771 (Jud.Pan.Mult.Lit.1972). Since the above-captioned action appeared to involve factual issues common to the previously transferred actions, the Panel issued an order conditionally transferring it to the Central District of California. Only defendant Chase Park Plaza Hotel opposes transfer. We find that this action raises questions of fact common to the actions previously transferred to the Central District of California and that its transfer to that district for coordinated or consolidated pretrial proceedings will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The complaint in this action contains allegations that several defendant hotels and motels engaged in a nationwide conspiracy to increase their room rates by the addition of telephone service charges in violation of the federal antitrust laws. Plaintiff purports to represent a class consisting of all defendants' customers who were wrongfully charged these additional costs.

Defendant Chase Park Plaza argues that discovery relating to its alleged wrongdoing will be different from discovery concerning the other defendants. In addition, defendant points out that similar claims against Chase Park Plaza which were previously asserted in an action pending in the transferee district have been dismissed by Judge Lucas because of improper venue. Therefore, defendant contends that to transfer this action now to California under Section 1407 would be unjust.

[1, 2] These arguments are not persuasive. Discovery relating to all defendants, including Chase Park Plaza, will be similar in light of the allegations against them to conspire to violate the federal antitrust laws. Thus, transfer will prevent needless duplication of discovery. Another compelling reason for transfer is to eliminate the possibility of inconsistent class determinations. See In re Hotel Telephone Charge Antitrust Litigation, supra at 772. And we have repeatedly held that the Panel's discretion to transfer actions under Section 1407 is unencumbered by venue considerations. See, e. g., In re Kauffman Mutual Fund Actions, 337 F.Supp. 1337, 1339 (Jud.Pan.Mult.Lit.1972).

[3] It is therefore ordered that the action entitled Bill Colson v. Hilton Hotels Corp., et al., E.D.Missouri, Civil Action No. 73 C 430(1) be, and the same hereby is, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.

---

* Although Judge Lord was unable to attend the Panel hearing, he has, with the consent of all parties, participated in this decision.